# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN A. ROBEY,<br><br>                Plaintiff,<br>  vs.<br><br>SAN DIEGO POLICE DEPT.<br>HEADQUARTERS, et al.,<br><br>                Defendant. | CASE NO. 13cv2766-LAB (BGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED** *IN FORMA PAUPERIS*; **AND**<br><br>**ORDER DISMISSING COMPLAINT** |

      On November 20, Plaintiff Jan Robey filed his complaint in this case, along with a motion to proceed *in forma pauperis* (IFP). From the IFP motion it appears Robey is probably entitled to proceed IFP, but it is incomplete. The Motion says Robey has no valuable assets of any kind and receives food stamps. In explaining how he pays for day-to-day necessities, he tersely explains "My wife works." It does not explain what her income is, or if she has any cash or other valuable assets that Robey might be able to use to pay the filing fee. The IFP motion is therefore **DENIED WITHOUT PREJUDICE**. Robey may, if he wishes, file a new IFP motion providing more complete information.

      Even assuming Robey files a new and meritorious IFP motion, the Court would be required to screen it pursuant to 28 U.S.C. § 1915(e)(2)(B), and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune

defendant. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The complaint Robey filed is subject to dismissal.

The body of the complaint says:

> On Nov. 20th 2011 I was placed in handcuffs at San Diego Civic Center by Officer Cooper, in violation of 1st amendment & 4th amendment, I was not arrested, my Miranda was not read to me. I was unlawfully imprisoned for 10 days. I was falsely charged, maliciously prosecuted, there was a hearing & trial and I was found not guilty of all charges. I am seeking $1,000,000 in compensation for damages, as well as any punitive damages, personal injury, emotional distress awards that may arise.

The two named Defendants are the San Diego Police Department Headquarters, and Officer Eric Cooper. Apparently Robey is bringing a claim under 42 U.S.C. § 1983 against both, and possibly supplemental state tort claims.

While detailed factual allegations are not required, a complaint must allege enough facts to show that a plaintiff is entitled to relief; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This complaint exactly fits that description, and therefore does not state a claim.

In addition, the complaint does not explain why he has a claim against the San Diego Police Department Headquarters. It may be that he is attempting to sue the San Diego Police Department itself. But if so, he should be aware that there is no *respondeat superior* liability under § 1983. *See Iqbal* at 676–77. If Robey thinks the department had some kind of policy that caused him to be falsely arrested or mistreated in some way, he must explain what it that policy is. Although Robey discusses a trial and malicious prosecution, he does not say who prosecuted him nor does he allege facts showing that he was maliciously prosecuted.

Finally, the complaint mentions that Robey was arrested in 2011 but does not say when he was tried. The statute of limitations for Fourth Amendment claims, in California, is two years. *See Gonzalez v. City of Clovis*, 2013 WL 394522, slip op. at *11 n.6 (E.D.Cal., Jan. 30, 2013) (citing *Owens v. Okure*, 488 U.S. 235, 240–41 (1989) and Cal. Code Civ. Proc. § 335.1). It may very well be that Robey's claims are time-barred.

The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. If Robey believes he can amend it successfully to correct the flaws this order identifies, he may file an amended complaint along with a renewed IFP motion no later than the close of business on **December 18, 2013.** It must be filed and entered in the docket by that date, not merely mailed or received in the Clerk's office. The amended complaint, if any, should include the dates each of the major events happened, and should also provide the name and number of the criminal case against Robey.

If Robey fails to amend and to file a new IFP motion (or pay the filing fee) within the time permitted, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED: November 21, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge